**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FRANK E. SILAS and AMOS L.**
**CASTILLO, JR., on behalf of themselves**
**and all others similarly situated,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  8:04-cv-1616-T-27TBM**

**HILLSBOROUGH COUNTY, FLORIDA,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant Hillsborough County's Motion to Compel Production of Plaintiff's Expert Report and Motion to Enlarge Time to Disclose Defendant's Expert or, Alternatively, to Disqualify Plaintiff's Expert and Associated Memorandum of Law** (Doc. 27) and **Defendant Hillsborough County's Motion to Compel More Complete Responses to Discovery Requests and Incorporated Memorandum of Law** (Doc. 28) and Plaintiff's responses in opposition (Docs. 32, 33, respectively).

By Defendant's first motion to compel (Doc. 27), Defendant seeks an Order compelling Plaintiffs to serve their expert's report immediately in order for them to depose the expert prior to the May 16, 2005, discovery deadline. Defendant also seeks an enlargement of time in which to disclose its own expert. As grounds, Defendant advises that Plaintiffs disclosed Jorge J. Rivero as an expert witness but have failed to timely provide Mr.

Rivero's expert report. By their response, Plaintiffs argue that both the court's Case Management and Scheduling Order, id., and Rule 26(a)(2)(B) reference and incorporate the parties' stipulation to disclose the *identity* of Plaintiff's experts by March 15, 2005, and the *identity* of Defendant's experts by April 15, 2005. By their argument, because the court did not establish a deadline for the production of expert reports, the matter is governed by Rule 26(a)(2)(C), which directs the parties to provide their expert reports at least ninety days before trial.

In their Case Management Report, the parties stipulated to the timing of their Rule 26(a)(2) disclosures as follows:

> Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that [Plaintiff's/Defendant's] Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: The Plaintiffs will disclose the identity of their expert(s) by March 15, 2005. Defendant will disclose the identity of their expert(s) by April 15, 2005.

(Doc. 11 at ¶¶ 3.b., 4.b.). The parties did not expressly stipulate to any deadline for the production of expert witness reports.

In pertinent part, this court's Case Management and Scheduling Order directed the parties "to meet the agreed upon terms and time limits in the parties' Case Management Report, except as noted below: . . . Expert witness disclosure deadline pursuant to Red. R. Civ. P. 26(a)(2) is **April 15, 2005**." (Doc. 16 at ¶ 3) (emphasis in the original). Rule 26 of the Federal Rules of Civil Procedure provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. . . .

2

> These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial. . . .

Fed. R. Civ. P. 26(a)(2)(B), (C).

Notwithstanding the Plaintiffs' representation that the parties specifically stipulated to disclose the <u>identities</u> of their experts only because "the parties anticipated that it would be necessary to complete discovery before expert reports could be prepared and completed," (Doc. 32 at 2), it was this court's intent in establishing the April 15, 2005, expert witness disclosure deadline in its Case Management Order that the parties disclose both the identity of their expert witnesses as required by Rule 26(a)(2)(A) <u>and</u> their expert witnesses' reports as required by Rule 26(a)(2)(B). <u>See</u> (Doc. 16 at ¶ 3). Thereafter, rebuttal experts were to be disclosed within twenty days of the initial disclosures.

Accordingly, Defendant's motion to compel (Doc. 27) is granted to the extent that Plaintiffs shall produce the written report of Jorge J. Rivero within eleven (11) days of the date of this Order. Defendant shall have twenty days thereafter to make its rebuttal expert disclosures. The parties shall thereafter cooperate to complete expert discovery promptly.

By its second motion to compel (Doc. 28), Defendant seeks an Order compelling Plaintiffs to provide more complete responses to certain discovery requests. Supplemental Interrogatories #3 and #4 concern the distance Plaintiffs spent "commuting to work in a County issued vehicle"; Request for Production #7, by reference to Requests for Admission #1 and #2, concerns time Plaintiffs "spent driving to and from work in your County-issued

vehicle"; Interrogatories #12, #20, and #21 reference Plaintiffs' claims for time "spent driving to/from work in County issued vehicles." In essence, Plaintiffs object to this line of inquiry and argue that Defendants mischaracterize their claims and misuse legal terms (such as "commute") to suggest that they are seeking to be paid for time "commuting" from their homes to work, which is not compensable under the Fair Labor Standards Act. By their responsive pleading, Plaintiffs assert that they seek to be paid only for time spent driving their assigned, County-owned vehicles during the workday, including the time spent driving between secured parking locations owned by the County and their work sites, which they contend is compensable. Defendants urge that Plaintiffs' "commute time" is relevant to Plaintiffs' claims,[1] particularly in light of their own use of the term in other discovery responses.

Upon consideration, Defendants are entitled to discover information about the Plaintiffs' travel practices in County-issued vehicles consistent with their claims and any asserted defenses. To the extent that Defendant seeks to determine time spent in County vehicles, the inquiry appears relevant to the claims and defenses asserted in this litigation.[2] Plaintiffs have failed to provide a legal basis for their refusal to respond to these discovery

---

[1] Defendants advise that the issue of whether "commute time" is compensable is currently pending before the Eleventh Circuit in Hillsborough County v. Burton, Case No. 05-10247.

[2] Rule 26(b)(1) defines the scope of discovery:
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1)

4

requests and offer no equitable reason why they should not respond to the Defendant's inquiries, defining terms or qualifying their responses as necessary to ensure the accuracy of the responses in light of their legal positions. Indeed, their own pleading reflects that they used the term, "commute," and otherwise have defined the term in their responses to Interrogatories #3 and #4. See (Doc. 33 at 4).

With respect to Supplemental Interrogatories #3 and #4, Plaintiffs advise that they have not undertaken an analysis of the miles driven (and argue that such an inquiry is not relevant to the issue of compensation). As noted, however, Defendants are entitled to discover information about the Plaintiffs' travel practices in County-issued vehicles, and because mileage may reflect time spent working, the mileage inquiry is likely relevant to Plaintiffs' claims and Defendant's asserted defenses. These interrogatories merely call for a good faith estimate of such mileage. Thus, as to these inquires, Defendant's motion is granted.

By Supplemental Request for Production #5, Defendant seeks a copy of Plaintiffs' fee agreement with counsel. Defendant argues that such information is relevant to Plaintiff's claim for fees and mitigation of taxpayer obligation to pay Plaintiffs' attorney's fees.[3] Upon consideration, the court agrees that the request is premature at this stage of the proceedings, and the court will not require the disclosure of the fee arrangement between Plaintiff and counsel at this time.

---

[3] Defendant quotes to Blanchard v. Bergeron, 489 U.S. 87, 93 (1989), to support its argument that Plaintiffs' fee agreement with counsel is relevant and discoverable. The quotation from Blanchard, however, refers to the existence of a contingency fee contract as one of twelve factors to be considered by the court in its determination of the reasonableness of the amount of attorney's fees sought by the prevailing party.

Accordingly, it is **ORDERED** that **Defendant Hillsborough County's Motion to Compel Production of Plaintiff's Expert Report and Motion to Enlarge Time to Disclose Defendant's Expert or, Alternatively, to Disqualify Plaintiff's Expert and Associated Memorandum of Law** (Doc. 27) is **GRANTED** to the extent that Plaintiffs shall produce the written report of Jorge J. Rivero within eleven (11) days from the date of this Order. Defendant shall have twenty days thereafter to make its rebuttal expert disclosures. In all other respects, the motion (Doc. 27) is **DENIED**. It is further **ORDERED** that **Defendant Hillsborough County's Motion to Compel More Complete Responses to Discovery Requests and Incorporated Memorandum of Law** (Doc. 28) is **GRANTED in part**. The court overrules Plaintiffs' objections to Supplemental Interrogatories #3 and #4; Request for Production #7; and Interrogatories #12, #20, and #21. Plaintiffs are directed to respond to these discovery requests within eleven (11) days from the date of this Order. In all other respects, the motion (Doc. 28) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 2nd day of May 2005.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record