**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FRANK E. SILAS; AMOS
CASTILLO, JR., on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.                                      Case No.  8:04-cv-1616-T-27TBM

HILLSBOROUGH COUNTY,
FLORIDA,

      Defendant.
                                         /

**O R D E R**

THIS MATTER is before the court on **Plaintiffs' Amended Motion to Strike Non-Expert Witness Rick Spector and Incorporated Memorandum of Law** (Doc. 40). By their motion, Plaintiffs seek an Order excluding Defendant's non-expert witness, Rick Spector, who will testify as to his

> knowledge of the routes driven by one or more Plaintiffs on
> their commutes to work during times relevant to the instant suit,
> and of the filming of a video tape . . . duplicating one of the
> routes driven to and from work by Plaintiff Bethell.

See (Doc. 40-2, Ex. A).  As grounds, Plaintiff argues that the Defendant's disclosure of this witness was untimely; the testimony fails to meet the requirements of Rule 701 of the Federal Rules of Evidence; and Mr. Spector's testimony is likely to be mistaken for expert testimony, even though he is not qualified to testify as an expert and has not been designated as an expert.  By its response (Doc. 41), Defendant argues that Mr. Spector will testify solely as a

fact witness concerning his videotaping of a route that one of the Plaintiffs claims to drive to and from work everyday. Defendant offers this evidence to rebut the deposition testimony of Plaintiff Philip Bethell as to the time it took him to drive one way to work. Defendant disclosed the witness and produced the tape on May 13, 2005, one week after taking Plaintiff Bethell's deposition. Defendant argues that the disclosure of the witness was timely in relation to the information learned at the Bethell's deposition; it has no objection to submitting Mr. Spector for deposition beyond the discovery deadline; and any variations between the conditions existing at the time Spector made his video of Plaintiff's Bethell's route of travel and those experienced by Bethell will be subject to cross-examination at trial.

By the Case Management and Scheduling Order, the court ordered "[e]ach party [to] disclose, by full name and address, each non-expert witness it intends to call at trial 30 days prior to the exert witness disclosure deadline." (Doc. 16 at ¶ 3). Because the expert witness disclosure deadline was April 15, 2005, the parties were required to disclose their fact witnesses by March 15, 2005. Thus, Defendant's disclosure was untimely under the court's scheduling order,[1] and counsel should have motioned the court for an order permitting the late disclosure of this fact witness. Since Defendant failed to make this request, I find myself constrained by the Case Management and Scheduling Order to grant the motion.

---

[1] I am not unmindful that the usual disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure do not apply to witnesses or things used *solely* to impeach a witness, and thus the disclosure here is arguably not untimely under the rules. See Fed. R. Civ. P. 26(a). However, as I understand the witness's proposed testimony, it would involve substantive evidence in addition to whatever impeachment it might contain. In such circumstances, the exception to disclosure does not apply. See Bearint *ex rel.* Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1354 (11th Cir. 2004).

Accordingly, it is **ORDERED** that **Plaintiffs' Amended Motion to Strike Non-Expert Witness Rick Spector and Incorporated Memorandum of Law** (Doc. 40) is **GRANTED**. **Plaintiffs' Motion to Strike Non-Expert Witness Rick Spector and Incorporated Memorandum of Law** (Doc. 39) is **DENIED as moot**.

**Done and Ordered** in Tampa, Florida, this 21st day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record