**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FRANK E. SILAS and AMOS CASTILLO, JR.,**
**on behalf of themselves and all others similarly**
**situated,**

**Plaintiffs,**

**vs.**                                    **Case No. 8:04-CV-1616-T-27TBM**

**HILLSBOROUGH COUNTY, FLORIDA,**

**Defendant.**

_____/

**ORDER**

   **BEFORE THE COURT** are: 1) Plaintiffs' Renewed Motion for Partial Summary Judgment (Dkt. 63), to which Defendant has responded in partial opposition (Dkt. 64); and 2) Defendant's Renewed Motion for Partial Summary Judgment as to Plaintiffs' "Off the Clock" Claims (Dkt. 65), to which Plaintiffs have responded in opposition (Dkt. 69).

*Background*

   This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for unpaid overtime compensation for the three years preceding the filing of this lawsuit, between July 15, 2001 and July 15, 2004.  (Dkt. 1, ¶ 9).   The Plaintiffs, Frank E. Silas ("Silas"), Amos L. Castillo ("Castillo"), Frederick Thomas ("Thomas"), Thomas Johnson ("Johnson"), Bruce Meeks, Jr. ("Meeks"), Davood Heidari ("Heidari"), James J. Piotrowski ("Pietrowski"), and Phillip Bethell ("Bethell"), are current and former Engineering Technicians in the Public Works Department for Defendant Hillsborough County ("Defendant").  (Compl., Dkt. 1 ¶¶ 4, 8; Dkt. 63 at 1; Dkt. 65 at 1).   Following mediation, Castillo, Heidari and Pistrowski stipulated to the dismissal of their

1

claims with prejudice. (Dkt. 78).

Plaintiffs were paid an hourly wage and are non-exempt employees under the FLSA. (Dkt. 1 ¶ 8). Plaintiffs allege that they did not receive overtime compensation for time spent driving county vehicles between county parking sites and the first and last work site of the day, as well as other overtime work. (Dkt. 1, ¶ 10). Plaintiffs request liquidated damages and attorneys' fees and costs. (Dkt. 1, ¶¶ 18-19).

In September 2005, this action was continued, at the parties' request, in light of a case pending before the Eleventh Circuit with issues nearly identical to the facts in this case. (Dkt. 57). On May 23, 2006, the Eleventh Circuit issued its decision in *Burton et al. v. Hillsborough County*, which the Defendant concedes "would permit this Court to resolve adversely to Defendant the question of liability on Plaintiffs' 'commute time' claims." (Dkt. 64 at 2). However, Defendant argues that Plaintiff's entitlement to compensatory and liquidated damages should be determined at trial, not at summary judgment, and that Plaintiffs have failed to show that they are entitled to prevail on their "non-commute" overtime claims. As set forth below, the Court finds that Plaintiffs' motion for summary judgment as to Defendant's liability for their commute time claims is due to be granted, and the parties' other motions must be denied due to genuine issues of material fact.

### *Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm*

*Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

### *Discussion*

The FLSA requires an employer to pay an employee one and one-half times the regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). If an "employer knows or has reason to believe that the employee continues to work," hours will count for the purpose of overtime under the FLSA. 29 C.F.R. § 785.13; *Reich v. Dep't of Conservation and Nat. Res.,* 28 F.3d 1076, 1082 (11th Cir.1994). However, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, provides that an employer is not required to pay overtime compensation for the following

3

activities:

> **(1)** walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> **(2)** activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee. 29 U.S.C. § 254(a).

On the other hand, preliminary and postliminary activities are compensable if they are "an integral and indispensable part of the employee's principal activities." *Burton v. Hillsborough Co.,* 181 Fed. Appx. 829, 833 (11th Cir. 2006) (*quoting Steiner v. Mitchell*, 350 U.S. 247, 256 (1956)).

### 1. Commute Overime Claims

#### a. *Burton*'s Application

In *Burton v. Hillsborough County*, the Eleventh Circuit affirmed the district court's determination that engineers from Defendant's Public Works Department were entitled to overtime compensation for the hours they spent driving county vehicles from county parking sites to the first work-site of the day, and from the last work-site of the day back to the county parking site. *Burton,* 181 Fed. Appx. at 838. The engineering technicians in the instant case, who also worked in the Public Works Department, engaged in an identical commute. They were required to drive their personal vehicles to a secure county-operated site, such as a fire station, and pick up the county vehicles. *Burton,* 181 Fed. Appx. at 831; (Dkt. 63, Exh. B, Tapia Depo., at 49, l. 8 - 50, l. 19; 44, ll. 11-16). The Plaintiffs then drove the county vehicles to a work site. *Id.* As in *Burton*, Plaintiffs'

4

county vehicles contained various tools and equipment that the employees used to perform their jobs, such as drawings, specifications, permits, manuals, tape measures, levels, safety vests, hard hats, wet weather gear, cell phones, and calculators. *Burton*, 181 Fed. Appx. at 831 n.1; (Tapia Depo. at 129, l. 17 - 130, l. 11; 16, ll. 14 - 16; 19, l. 2 - 21, l. 4).

The Eleventh Circuit determined that because this travel time was required by the County, it was compensable.[1]  *Id*. at 838.  In the instant case, there is undisputed evidence that Defendant required Plaintiffs to engage in an identical commuting procedure, for which Plaintiffs were not compensated.  As such, Plaintiffs are due to be compensated for the unpaid commute time.

### b. Damages

Plaintiffs request partial summary judgment as to damages for their commute time claims for the two-year period preceding the filing of the action.  For the purposes of the motion, Plaintiffs state, without elaboration, that there are material facts as to the time for the third year that preclude an award of summary judgment.  (Dkt. 63 at 3 n.1).

In a claim for unpaid overtime, the employee bears the initial burden to proffer evidence on the amount of hours worked.  *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).  As the Supreme Court has explained:

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises . . . . In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with

---

[1] The Eleventh Circuit noted that whether or not the county vehicles contained tools and other equipment, Defendant's requirement that the engineers drive to the county parking site was enough to make the commute time part of the plaintiffs' principal activities.  *Id*. at 838.

evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.* at 687-88.

In order to meet their burden, Plaintiffs cite to the following statements from their depositions and discovery responses:

Silas testified that his commute took one hour to one hour and 15 minutes when school was not in session and one hour to one hour and 30 to 45 minutes when school was in session. (Dkt. 63, Exh. D, Silas Depo. at 28, ll. 8-12).

Johnson testified that his commute was 45 minutes to an hour each way. (Dkt. 63, Exh. E, Johnson Depo. at 13, ll. 10-24, 22, ll. 10-13).

Bethell stated in his responses to Defendant's interrogatories that he spent one hour and 30 minutes to two hours commuting each way. (Dkt. 42, Exh. G., at 3-4).

Meeks testified that it took 45 minutes to an hour on average to travel from the garage to his first worksite. (Dkt. 63, Exh. H, Meeks Depo. at 52, l. 22 - 53, l. 8). Plaintiffs do not cite testimony regarding Meeks' return commute.

Thomas testified that it took 45 minutes to an hour and 30 minutes to get to his first worksite. (Dkt. 63, Exh. J, Thomas Depo. at 34, ll. 24-25). Plaintiffs do not cite testimony regarding Thomas' return commute.

There is no dispute that Plaintiffs commuted between the county parking sites and their work sites and that Defendant's practice was not to compensate Plaintiffs for these hours. The Court finds that Plaintiffs' allegations, as outlined above, are sufficient to take their claims to trial to determine damages. *Posada v. James Cello, Inc.*, 135 Fed. Appx. 250, 252 (11th Cir. 2005) (finding that testimony by employee and supervisor that employee worked overtime was sufficient to create a

6

genuine issue of material fact); *Etienne v. Inter-Co. Sec. Corp.*, 173 F.3d 1372, 1374 (11th Cir. 1999) (finding that employee's testimony that he worked additional hours created a triable issue for the jury); *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1328-29 (S.D.Fla. 2001) (finding material issue of fact based on employee's testimony of hours worked).

The facts are not, however, sufficient for this Court to determine damages as a matter of law. Plaintiffs have not cited to record evidence that provides an adequate basis for their damages calculations, such as Plaintiffs' rate of pay and total hours worked. (*Cf.* Dkt. 63, Exhs. K, Erter Aff.; Exh. M, Hogue Aff.).[2]  Plaintiffs also fail to explain why a trial on the third year of damages is necessary, given that Plaintiffs did not differentiate between years in the cited portions of their deposition testimony. As an additional point, Defendant argues that the hours Plaintiffs now claim they are due to be compensated are significantly greater than the hours reflected in worksheets that Plaintiffs signed and certified as accurate before this suit was initiated.[3]

Plaintiffs' motion for summary judgment is therefore granted as to Defendant's liability for commute time claims and denied as to damages.

## 2. Non-Commute Overtime Claims

Plaintiffs and Defendant have also filed cross-motions for summary judgment on the

---

[2] Plaintiffs also fail to describe the affiants' qualifications, and both affidavits reference documentary evidence that is not provided to the Court.

[3] The Court notes that Plaintiffs' deposition testimony regarding these worksheets indicates that Plaintiffs had no input into the calculation of their hours and also raises questions regarding whether Plaintiffs had a clear understanding of what they were signing or an adequate opportunity to review the worksheets prior to signing. (Dkt. 43, Exh. 28, Johnson Depo at 15-18; Exh. 6, Meeks Depo. at 20-22; Exh. 17, Silas Depo. at 5-16; Exh. 19, Thomas Depo. at 8-13; Exh. 24, Bethell Depo. at 38-39).

Defendant also argues that the Court should hear the testimony of Rick Spector, who it alleges drove the Plaintiffs' commuting routes, and who Defendant alleges can testify to the lengths of Plaintiffs' commutes at trial. (Dkt. 64 at 3). Because Spector was previously stricken as a non-expert witness (Dkt. 52), the Court does not address this argument.

Plaintiffs' "non-commute" overtime claims.   As noted above, to prove a claim of overtime compensation, each Plaintiff must show that: (1) he worked overtime hours without compensation, and (2) that the County had knowledge, or should have had knowledge, of his overtime work. *Gaylord v. Miami-Dade Co.*, 78 F. Supp. 2d 1320, 1324-25 (S.D.Fla. 1999).

Each Plaintiff has submitted affidavits stating they worked overtime hours that to do not appear on the timesheets.  Plaintiffs state that these hours "included shortened and/or missed lunch breaks and work performed after my scheduled shift as more specifically stated in my discovery responses." (Dkt. 69, Exh. 1, Meeks Aff. ¶ 5; Thomas Aff. ¶ 5; Johnson Aff. ¶ 5; Silas Aff. ¶ 6; Bethell Aff. ¶ 5).  Plaintiffs do not, however, attach their discovery responses to their motion.  Each Plaintiff also testified regarding the overtime hours worked, as follows:

Johnson stated that he would work after 5:00 when they had materials such as asphalt that had to be used that day (Dkt. 69, Exh. 5, Johnson Depo. at 43, ll. 3-23) and that this situation could arise every week.  (*Id*. at 44, ll. 3-7).  Johnson also testified that he would arrive early at the worksite to make preparations and get safety equipment running.  (*Id*. at 44, ll. 8-22).[4]

Thomas testified that he had to work overtime during his two fifteen-minute breaks and lunch period to stay with the asphalt paver.  (Dkt. 69, Exh. 6, Thomas Depo. at 16, l. 11 - 17, l. 25).

Silas estimates that he was not paid for 1000 overtime hours over a three year period in addition to his commute claims.  (Dkt. 69, Exh. 7, Silas Depo., at 36, ll. 18-23).  He calculated this number "[b]ased on the fact that that [*sic*] was many days that I worked two, three hours overtime and was told not to put it on the time sheets."  (*Id*. at 37, ll. 4-8).

---

[4] Defendant also argues that Johnson stated during his deposition that he had no non-commute claims. (Johnson Depo. at 30, l.10).  This statement was clarified later in Johnson's deposition and by his affidavit. (Johnson Depo. at 45 l. 19 - 46, l. 11; Johnson Aff. ¶ 5).

Meeks testified that he was claiming 1318 hours of non-commute time. (Dkt. 69, Exh. 9, Meeks Depo. at 38, ll. 17-24; 42, l. 23 - 43, l. 15).

Bethell testified that he was making an overtime claim for hours spent at several job sites. (Dkt. 69, Exh. 10, Bethell Depo. at 7, l. 21 - 8, l. 23).

The Court finds that these statements are sufficient to create issues of material fact as to whether Plaintiffs worked overtime. *See Rossi v. Assoc. Limousine Serv., Inc.*, 438 F. Supp. 2d 1354, 1365 (S.D.Fla. 2006) (denying employer's motion for summary judgment where plaintiff alleged only that he worked more than forty hours); *Juan v. Hillsborough Co.*, No. 05-cv-1171, 2006 WL 2868935, *4 (M.D.Fla. Oct. 6, 2006) (denying employer's motion for summary judgment where plaintiff certified the accuracy of her time cards, but alleged that she worked 1,000 hours of uncompensated overtime).

Plaintiffs have also pointed to affidavits and deposition testimony that sufficiently raise an issue of material fact as to whether Defendant had actual or constructive knowledge that Plaintiffs worked overtime. Each of Plaintiffs' affidavits states that: "The project supervisors were aware that I worked overtime. They were aware of these overtime hours because I either informed them personally, or because they were aware of the schedules pertaining to project and that extra time was require to properly perform my job." (Meeks Aff. ¶ 6; Thomas Aff. ¶ 6; Johnson Aff. ¶ 6; Silas Aff. ¶ 7; Bethell Aff. ¶ 7). The affidavits of Meeks, Thomas, and Johnson further state: "If it was required that I work on a weekend to oversee an ongoing project, the project supervisor was so informed and was fully aware of the overtime worked by me during the weekend." (Meeks Aff. ¶ 7; Thomas Aff. ¶ 7; Johnson Aff. ¶ 7).

Bethell also testified in deposition that he understood he was only supposed to write down

eight hours per day, although no one specifically told him that.  (Bethell Depo. at 14, l. 4 - 19, l. 10).

Silas testified that he was told not to put overtime on his timesheet.  (Silas Depo. at 40, ll. 3-4) and

that the manager had to request overtime (*Id*. at 51, ll. 6-8). On the other hand, Department Manager

Ed Tapia testified that in nineteen years of being a supervisor he never asked anyone or heard of

anyone asking to record time incorrectly.  (Dkt. 43, Exh. 12, Tapia Depo. at 145, ll. 21-25).

Defendant also argues that Plaintiffs' timesheets reveal that they received overtime compensation

and that they certified these hours as correct.  (Dkts. 49, 50, 51).

Based on these conflicting accounts, the Court finds that there is an issue of material fact as

to whether Defendant had actual or constructive of Plaintiffs' overtime, which must be left to the

factfinder to resolve.  *Juan*, No., 2006 WL 2868935 at *4 (denying summary judgment where

Plaintiff testified that she did not report overtime because she perceived she would not be paid for

it).

Because the parties' submissions contain disputed issues of material fact, including whether

Plaintiffs worked overtime, and whether Defendant had knowledge, or should have had knowledge,

of Plaintiffs' overtime, both parties' motions for summary judgment on the non-commute claims are

denied.

### 3.   Liquidated Damages

Plaintiffs move for summary judgment on their claims for liquidated damages. Because the

Court has found Defendant liable for unpaid overtime compensation -- albeit in an amount not yet

determined -- consideration of liquidated damages is not premature.  *Cf. Cusumano v. Maquipan*

*Intern., Inc.*, 390 F. Supp. 2d 1216, 1222-23 (M.D. Fla. 2005) (holding that issue of liquidated

damages was not ripe because employee's motion for summary judgment on FLSA violation was

denied).

An employer is liable for liquidated damages in the amount equal to the employee's unpaid overtime compensation. 29 U.S.C. § 216(b). However, this award is merely discretionary if the employer demonstrates that it subjectively acted in good faith and had objectively reasonable grounds for believing that its failure to pay overtime was not in violation of the FLSA. 29 U.S.C. § 260; 29 C.F.R. § 790.22; *Spires v. Ben Hill Co.*, 980 F.2d 683, 689 (11th Cir. 1993). In order to prove good faith, the employer must show that it had an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir.1991). In other words, "good faith requires some duty to investigate potential liability under FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5 Cir.1979).[5] The question of whether the good faith defense applies is an issue of mixed law and fact for the Court, not the factfinder, to determine. *Dybach,* 942 F.2d at 1566; 29 C.F.R. § 790.22(b)-(c).[6]

Defendant alleges that it exhibited good faith by writing a letter to the Department of Labor ("DOL") on January 29, 2004. The letter reads: "[W]e agreed that I would fax you this letter setting forth the criteria which Hillsborough County intends to apply to resolve all outstanding questions about its parking and overtime issues *raised by you* to the Hillsborough County Human Resources

---

[5] The Eleventh Circuit adopted as binding precedent, all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[6] Certain courts evaluating the § 260 defense to liquidated damages have required that an employer prove that it relied on an "administrative regulation, order, ruling, approval or interpretation of an agency of the United States." *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985); *Sack v. Miami Helicopter Serv.*, 986 F. Supp. 1456, 1472 (S.D. Fla. 1997). The Court notes that this language is derived from the "good faith" affirmative defense as set forth in 29 U.S.C. § 259 and 29 C.F.R. § 790.13, which provides a complete defense to certain FLSA actions. The good faith defense to liquidated damages, by contrast, does not require reliance on an administrative agency regulation or decision, and the vast majority of Eleventh Circuit cases do not require such reliance. *See* 29 U.S.C. § 260; 29 C.F.R. § 790.22.

11

Department in the fall of 2003." (Dkt. 64, Exh. 8) (emphasis added). Based on the fact that this letter was dated within the last six months of the violations alleged in Plaintiffs' Complaint, and the letter states that the issues were raised by the DOL, not the Defendant, the Court cannot conclude from this letter that Defendant had an honest intention to ascertain what the FLSA requires. Similarly, the County Administrator's August 9, 2004 internal memorandum mentions only that the DOL reviewed Defendant's overtime practices the preceding year; it does not indicate that Defendant proactively sought out the DOL's advice. (Dkt. 64, Exh. 9). Furthermore, in this memorandum, Defendant retracts its previously stated position that it would pay overtime to all employees who commuted to work, and instead states that "most" employees should not receive overtime. (*Id.*)[7] Defendant has thus failed to show it acted in good faith.

Defendant also states that, in the absence of controlling Eleventh Circuit precedent, it relied on *Baker v. GTE North, Inc.,* 110 F.3d 28 (7th Cir. 1997) and *Aiken v. City of Memphis*, 985 F. Supp. 740 (W.D.Tenn. 1997). Assuming that an employer can rely solely upon its selective interpretation of case law in order to show that its action is objectively reasonable, the cases Defendant cites are plainly distinguishable on their facts: both involved programs in which employees voluntarily elected to drive their government cars from their homes to their worksites. As the Eleventh Circuit noted in *Burton, Baker* is inapposite "because unlike the employees in *Baker,* the employees here are not permitted to drive the county vehicles home. They are instead required to park the vehicles overnight in a facility closest to the job site." *Burton,* 181 Fed. Appx. at 835. In addition, Defendant failed

---

[7] Plaintiffs have not objected to Defendant's failure to authenticate the January 29, 2004 letter and August 9, 2004 internal memorandum by affidavits or deposition testimony. The Court will consider these documents for the purposes of summary judgment because it appears their contents could be presented in admissible form at trial. *Denney v. City of Albany,* 247 F.3d 1172, 1189 n. 10 (11th Cir.2001).

12

to recognize the First Circuit's 1974 holding in *Secretary of Labor v. E.R. Field, Inc.*, 495 F.2d 749 (1st Cir. 1974). In evaluating facts closely analogous to those in the instant case, the First Circuit held that the employer was required to compensate the employee for time spent driving his employer's truck from the last job site of the day back to employer's shop. *See id.* at 751. Based on these considerations, the Court can not conclude that Defendant's position was objectively reasonable.

Plaintiffs' motion for summary judgment as to liquidated damages is therefore granted to the extent Plaintiffs prove damages at trial on their claims for commute time and non-commute time.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)    Plaintiffs' Renewed Motion for Partial Summary Judgment (Dkt. 63) is **GRANTED IN PART** as set forth herein; and

2)    Defendant's Renewed Motion for Partial Summary Judgment as to Plaintiffs' "Off the Clock" Claims (Dkt. 65) is **DENIED**.

**DONE AND ORDERED** in chambers this 30th day of October, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

13